IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY W. KRAMER, | : | |
| GDC No. 375504, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:12-cv-2114-JEC-JSA |
| WARDEN WIGGINS, et al., | : | |
|     Defendants. | : | |

**ORDER AND OPINION**

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Justin S. Anand [5], and plaintiff's objections thereto [7]. Plaintiff filed this federal civil rights action challenging the fact that prison officials have changed his name without his permission or a court order, that his parole reconsideration was improperly rescinded based on the name change, and that the alleged extension of time between consideration of his parole by the Georgia Board of Pardons and Paroles ("Board") violated his due process and *ex post facto* rights. Magistrate Judge Anand screened the complaint as required by 28 U.S.C. § 1915A and found that none of plaintiff's allegations stated a viable claim for relief.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which plaintiff has objected. The Court reviews the remainder of the R&R for plain error. *United*

AO 72A
(Rev.8/82)

*States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983). Where a plaintiff does not file *specific objections* to factual findings and recommendations of the magistrate judge, however, this Court need not perform a *de novo* review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993)(citing, *inter alia*, *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

**II. DISCUSSION**

Plaintiff argues that Timothy Kramer is his committed name, no court order has been issued for the name to be changed to "Kreamer," and he has not requested that his name be changed. Plaintiff cites to *Hakim v. Hicks*, 223 F.3d 1244 (11th Cir. 2000) as authority for the proposition that a committed name must be changed by way of court order.

In *Hakim*, the Eleventh Circuit found that the Department of Corrections violated the prisoner's constitutional right to the free exercise of his religion by failing to recognize his legally-changed religious name. *Hakim*, 223 F.3d at 1246-49. Unlike the plaintiff in *Hakim*, however, plaintiff has not demonstrated that the misspelling of his name violated any constitutional right. *See McGovern v. Mississippi Dep't of Corr.*, Civil Action No. 3:12CV62-DPJ-FKB, 2012 WL 1999121, at *3 (S.D. Miss. June 4, 2012)("[N]egligently . . . misspelling a name simply do[es] not rise to the level of

2

constitutional torts[.] . . ."); *O'Malley v. California Dep't of Corr.*, No. C 93-2862 EFL, 1993 WL 381706, at *1 (N.D. Cal. Sept. 17, 1993)(rejecting prisoner's claim that prison officials refused to spell his name correctly because such allegations "fail to rise to the level of a constitutional violation cognizable under § 1983").

Moreover, other than a conclusory statement that his parole decision was "rescinded," plaintiff has not demonstrated that he was injured in any way.[1] As such, the Court agrees with Judge Anand's conclusion that plaintiff failed to state a constitutional claim under § 1983 with regard to the mistaken spelling of his name. *See McGovern*, 2012 WL 1999121, at *3 (dismissing prisoner's claim that the administrative remedy coordinator spelled his name wrong in part because no harm had been alleged as a result of the mistake); *compare Bland v. Lassiter*, Nos. 91-6592, 91-6593, 1992 WL 200755, at *1 (4th Cir. Oct. 5, 1992)(rejecting prisoner's § 1983 claim that the prison's refusal to use her married name violated her constitutional rights because, *inter alia*, she still could access prisoner services,

---

[1] In fact, as noted by Judge Anand, both "Kramer" and "Kreamer" are listed among plaintiff's names and aliases on the Georgia Department of Corrections' website, *see* Georgia Dep't of Corr. Inmate Query, available at http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (last visited Mar. 19, 2013), and both names are listed on the docket in a 1995 case in this Court in which plaintiff was granted a motion to intervene. *See Jones, et al. v. Garner*, Civil Action No. 1:95-cv-3012-WCO, at Docket.

AO 72A (Rev.8/82)

mail, health care, and grievance procedures by both her maiden name and her married name using an a/k/a).

## II. CONCLUSION

Plaintiff's objections are not persuasive, and the Court finds no clear error in the remainder of the Magistrate Judge's R&R.[2]

**IT IS THEREFORE ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's R&R over plaintiff's Objections.  The complaint [1] is hereby **DISMISSED** pursuant to 42 U.S.C. § 1915A.  This dismissal is, however, without prejudice to plaintiff's right to file a new complaint that contains factual allegations that correct the deficiencies identified in this present complaint, assuming that such a feat can be accomplished by the plaintiff.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED,** this 25th day of July, 2014.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also discusses Judge Anand's conclusion that he did not state a cognizable *ex post facto* claim, and "wonder[s]" if the Board has improperly been considering his sentence as consecutive rather than concurrent. ([7] at 3.) It appears that Judge Anand may have inadvertently characterized plaintiff's sentence as consecutive rather than concurrent; however, any such mistake does not invalidate Judge Anand's ultimate conclusion--to which this Court agrees--that plaintiff's punishment was not increased by any extension of time between the Board's reconsideration of plaintiff's parole.

AO 72A
(Rev.8/82)